IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | NO. 4:14-CR-00140-ALM-AGD |
| | § | |
| **LARRY DWAYNE RUDD (1)** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This report and recommendation addresses a petition for revocation of the defendant's supervised release. Dkt. 272 (sealed).

**PROCEDURAL HISTORY**

In June 2015, United States District Judge Amos L. Mazzant sentenced defendant Larry Dwayne Rudd to 168 months of imprisonment followed by five years of supervised release, Dkt. 154 at 2–3, which was later amended to 131 months of imprisonment followed by five years of supervised release, Dkt. 229 at 2–3 (sealed). Rudd's term of supervised release commenced December 13, 2024. Dkt. 272 at 1 (sealed).

In August 2025, a probation officer petitioned the court for a warrant, alleging that Rudd had violated six conditions of his supervised release. Dkt. 272 (sealed). Specifically, the petition alleged that Rudd had violated conditions that required him to: (1) not commit another federal, state, or local crime; (2) refrain from any unlawful use of a controlled substance; (3) live at a place approved by the probation officer and promptly notify the officer of any move; (4) report any arrest or questioning by a law-enforcement officer to the probation officer within 72 hours; (5) not knowingly leave the judicial district in which he resided without authorization; and (6) participate in a program of testing and treatment for substance abuse. *Id.* at 1–3.

In support of those allegations, the petition asserted that, in August 2025, Rudd was charged with driving while intoxicated in Wichita County. Dkt. 272 (sealed) at 1. The petition also asserted that, on four occasions, Rudd submitted urine specimens that tested positive for marijuana and

later verbally admitted to using marijuana; that he had contact with the Denison police department and did not report that contact to the probation officer; that he was not given permission to travel to the location where he came into contact with the Denison police department; and that he failed to report for a random drug test. *Id.* at 2–3.

A final revocation hearing was held before me on September 17, 2025. The government moved to dismiss allegations one, three, and four. Minute Entry for Sept. 17, 2025. Rudd pleaded true to the three remaining allegations. *Id.* He also consented to revocation of his supervised release and waived his right to object to my proposed findings and recommendations. *Id.*; Dkt. 282. The government requested a sentence of ten months imprisonment followed by two years of supervised release, which is within the federal sentencing policy statements; the defendant agreed. The court announced what its recommendation would be.

## RECOMMENDATION

In accordance with the Sentencing Reform Act of 1984, the court recommends that: (1) allegations one, three, and four in the petition for revocation of Rudd's supervised release, Dkt. 272 (sealed), be dismissed; (2) Rudd's supervised release be revoked based on allegations two, five, and six in that petition, *id.*; (3) Rudd be committed to the custody of the Bureau of Prisons to be imprisoned for a term of ten months, to run consecutively to the term of imprisonment associated with case number 25-080415 in Wichita County, Texas, with two years of supervised release to follow, all prior conditions imposed; and (4) Rudd be placed at FCI Fort Worth in Fort Worth, Texas, if appropriate.

So **ORDERED** and **SIGNED** this 22nd day of September, 2025.

_____
Bill Davis
United States Magistrate Judge